UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HARD DRIVE PRODUCTIONS, INC., )
                                    )
             Plaintiff, )
                                    )
      v.                            )
                                    )     Case No. 11 C 2798
DOES 1-55,                   )
                                    )     Judge John W. Darrah
            Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff, Hard Drive Productions, Inc. ("Hard Drive"), filed a Complaint against Does 1-55 ("Doe Defendants"), alleging copyright infringement and a related civil conspiracy claim. Before the Court is John Doe's, identified by Internet Protocol ("IP") # 98.220.82.150, (hereafter referred to as "Defendant") Motion to Strike the Complaint or to Dismiss or Sever Him/Her and For Costs and Fees Pursuant to 17 U.S.C. § 505.[1]

## BACKGROUND

The following facts are drawn from Plaintiffs' Second Amended Complaint and are accepted as true for purposes of the Motion to Dismiss. *See Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010).

Hard Drive alleges that Doe Defendants illegally reproduced and distributed Hard Drive's video, "Amateur Allure-Erin" (the "Video"), in violation of the United

---

[1] Hard Drive has filed an identical action in the Northern District of California against Does 1-188. *See Hard Drive Prods., Inc. v. Does 1-188*, No. 11-cv-1566 (N.D. Cal.); *see also Hard Drive Prods., Inc. v. Does 1-188*, No. 11-cv-1566, 2011 WL 3740473, at *1 (N.D. Cal. Aug. 23, 2011) (*Hard Drive Productions*).

States Copyright Act, 17 U.S.C. §§ 101–1332. (Compl. ¶¶ 1, 3, 25-31.) Hard Drive is

the producer and owner of the Video. (*Id.* ¶ 19.) Hard Drive has applied for copyright

registration, and the application is pending in the United States Copyright Office

("Copyright Office"). (*Id.* ¶¶ 19-20.)

Hard Drive used geolocation technology to trace the IP addresses of each

Doe Defendant to a point of origin in Illinois. (*Id.* ¶ 6.)

Doe Defendants participated in a "peer to peer" network in which the

Doe Defendants exchanged the Video using an internet-file-sharing protocol known as

BitTorrent. (*Id.* at ¶¶ 23-24.) Hard Drive explains BitTorrent as follows:

> BitTorrent is a modern file sharing method . . . used for distributing data
> via the Internet. Traditional file transfer protocols involve a central server,
> which distributes data directly to individual users.

* * *

> In contrast, the BitTorrent protocol is a decentralized method of
> distributing data. Instead of relying on a central server to distribute data
> directly to individual users, the BitTorrent protocol allows individual users
> to distribute data among themselves by exchanging pieces of the file with
> each other to eventually obtain a whole copy of the file. When using the
> BitTorrent protocol, every user simultaneously receives information from
> and transfers information to one another.

(*Id.* ¶¶ 9, 11.)

In BitTorrent vernacular, individual downloaders/distributors of a particular file

are called "peers." (*Id.* ¶ 12.) The group of peers involved in downloading/distributing a

particular file is called a "swarm." (*Id.*) A server which stores a list of peers in a swarm

is called a tracker. (*Id.*) A computer program that implements the BitTorrent protocol is

called a BitTorrent client. (*Id.*) Each swarm is unique to a particular file. (*Id.*)

Hard Drive explains the operation of the BitTorrent protocol as follows:

First, a user locates a small 'torrent' file. This file contains information about the files to be shared and about the tracker, the computer that coordinates the file distribution. Second, the user loads the torrent file into a BitTorrent client, which automatically attempts to connect to the tracker listed in the torrent file. Third, the tracker responds with a list of peers and the BitTorrent client connects to those peers to begin downloading data from and distributing data to the other peers in the swarm. When the download is complete, the BitTorrent client continues distributing data to other peers in the swarm until the user manually disconnects from the swarm or the BitTorrent client otherwise does the same.

(*Id.* ¶ 13.)

In order to receive data, a peer must broadcast identifying information (i.e. an IP address) before it can receive data. (*Id.* ¶ 14.) However, the actual names of peers in a swarm are unknown because the users are allowed to download and distribute under the cover of their IP addresses. (*Id.*)

Hard Drive employs proprietary peer-to-peer network forensic software to perform real-time monitoring of BitTorrent-based swarms involved in distributing Hard Drive's copyrighted creative works. (*Id.* ¶ 22.) Defendant, along with the other Doe Defendants, intentionally downloaded a torrent file particular to Hard Drive's Video into their BitTorrent clients, entered a BitTorrent swarm particular to Hard Drive's Video, and reproduced and distributed the Video to numerous third parties. (*Id.* ¶ 23.) Hard Drive detected Doe Defendants' activities in the torrent swarm specific to the Video and created a log of IP addresses, identifying each Doe Defendant and the date and time of each Doe Defendant's activity, which is attached as Exhibit A to Hard Drive's Complaint. (*Id.* ¶ 24.) Hard Drive alleges that Defendant movant infringed on its copyright on March 11, 2011, at 5:36 a.m.

3

On April 27, 2011, Hard Drive filed the instant Complaint, in which it seeks an award for both injunctive and monetary relief. Hard Drive's Motion to expedite discovery relating to the information sufficient to identify the Doe Defendants was granted on May 4, 2011.

## LEGAL STANDARD

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *Christensen v. Cnty. of Boone*, 483 F.3d 454, 458 (7th Cir. 2007). Under the federal notice pleading standards, "a plaintiff's complaint need only provide a short and plain statement of the claim showing that the pleader is entitled to relief, sufficient to provide the defendant with fair notice of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (internal quotations omitted). When considering a motion to dismiss under Rule 12(b)(6), the complaint is construed in the light most favorable to the plaintiff; all well-pleaded factual allegations are accepted as true, and all reasonable inferences are construed in the plaintiff's favor. *Id.* However, a complaint must allege "enough facts to state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007) (*Twombly*). For a claim to have facial plausibility, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*Iqbal*). Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Further, the amount of factual allegations required to state a plausible claim for relief depends on the complexity of the legal theory alleged. *Limestone Dev. Corp. v. Vill. of Lemont*, 520 F.3d 797, 803 (7th Cir. 2008).

4

## ANALYSIS

### *Copyright Infringement Claim (Count I)*

To state a claim for copyright infringement, a plaintiff must claim (1) ownership of a valid copyright in a work and (2) the copying of elements of the work that are original. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Section 411(a) of the Copyright Act "requires copyright holders to register their works before suing for copyright infringement." *Reed Elsevier, Inc. v. Muchnick*, 130 S.Ct. 1237, 1241 (2010) (*Reed Elsevier*) (citing 17 U.S.C.A. § 411(a)). While failure to register a work does not deprive a federal court of jurisdiction over an action for infringement, registration of a copyright is an element of an infringement claim. *See id.* at 1247; *see also Cosmetic Ideas, Inc. v. IAC/InteractiveCorp*, 606 F.3d 612, 615 (9th Cir. 2010) (*Cosmetic Ideas*) ("[P]ost-*Reed Elsevier*, registration is an element of an infringement claim, rather than a jurisdictional bar.").

Defendant argues that Hard Drive has not sufficiently pled that it owns a valid copyright in the Video. Defendant argues that under § 441(a), *actual* registration of a copyright is a necessary precondition to filing a claim for copyright infringement. Thus, Defendant argues, Hard Drive's copyright infringement claim fails because Hard Drive's allegation that its application for a copyright is "currently pending" does not satisfy the registration requirement of § 441(a).

In *Reed Elsevier*, the Supreme Court held that "§ 411(a)'s registration requirement" is a "statutory condition that requires a party to take some action before filing a lawsuit." 130 S.Ct. at 1243. The Court further held that the copyright registration requirement of 17 U.S.C. § 411(a) "is a precondition to filing a claim that does not

restrict a federal court's subject-matter jurisdiction." *Id.* at 1241. In the latter respect, the

Court's holding is not at issue here as Defendant does not challenge subject-matter

jurisdiction.

But whether submission of an application for copyright registration satisfies the

registration precondition of § 411(a) has given rise to a circuit split.

*Compare La Resolana Architects, PA v. Clay Realtors Angel Fire*, 416 F.3d 1195, 1202-

04 (10th Cir. 2005) (*La Resolana*), *abrogated in part by Reed Elsevier*, 130 S.Ct. at 1247,

*and M.G.B. Homes, Inc. v. Ameron Homes, Inc.*, 903 F.2d 1486, 1489 (11th Cir. 1990),

*abrogated in part by Reed Elsevier*, 130 S.Ct. at 1247 (holding that a work is not

registered until its application is approved) *with Cosmetic Ideas*, 606 F.3d at 621,

*Chicago Bd. of Educ. v. Substance, Inc.*, 354 F.3d 624, 631 (7th Cir. 2003)

(*Chicago Board of Education*), *and Apple Barrel Prods., Inc. v. Beard*, 730 F.2d 384,

386-87 (5th Cir. 1984) (holding that receipt by the Copyright Office of a complete

application satisfies Section 411(a)).[2]  "The Tenth Circuit appears to have coined the

terms 'application approach' and 'registration approach' in describing the two schools of

thought." *Cosmetic Ideas*, 606 F.3d at 616, n.3 (citing *La Resolana*, 416 F.3d at 1202-04,

*abrogated in part by Reed Elsevier*, 130 S.Ct. at 1243 & n. 2).

---

2  Although the Seventh Circuit has not expressly ruled on this issue, this Circuit
appears to follow the application approach. In *Chicago Board of Education*, the court
noted that "[a]lthough a copyright no longer need be registered with the Copyright Office
to be valid, an application for registration *must be filed* before the copyright can be sued
upon." 354 F.3d at 631 (emphasis added); *cf. Furkin v. Smikun*, No. 07-1067, 2007 WL
1493866, at *3 (7th Cir. May 16, 2007) (noting, in discussing the statute of limitations
with respect to copyright infringement claim, that even if appellant's complaint was
liberally construed as timely, "it would not save [plaintiff's] lawsuit" because he "has not
attempted to register a copyright, a prerequisite for a suit for copyright infringement.").

Under this approach, courts have held that the date of "registration" is the date the Copyright Office receives the copyright application. *See Cosmetic Ideas*, 606 F.3d at 621. Statutory damages and attorney's fees are only available based on a defendant's activities after registration. *See* 17 U .S.C. § 412(2) (providing that no award of statutory damages shall be made for "any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work.").

Defendant concedes that the Seventh Circuit follows the application approach. Even so, Defendant argues that Hard Drive's allegations fail to satisfy the registration requirement because it provides no proof that it filed an application with the Copyright Office and that the Office received Hard Drive's application. Without a date of receipt, Defendant argues, he/she cannot determine what, if any, alleged infringement is potentially actionable.

Defendant has put the cart before the horse. At the pleading stage, Hard Drive must only provide enough factual allegations to raise a right to relief above the speculative level. Here, Hard Drive's allegations that it has filed an application with the Copyright Office satisfies the registration requirement of § 411(a). But the question of when the alleged copyright infringement occurred in relation to the date of Hard Drive's submission of its application to the Copyright Office is a question of fact to be decided at a later stage.

Defendant's argument that Hard Drive has failed to plead infringement is equally unpersuasive. Hard Drive has alleged that Defendant reproduced the Video via BitTorrent to numerous third parties. (Compl. ¶ 23.) Additionally, Hard Drive has

alleged that Defendant actively engaged in or directly caused the copying by completing

each of the steps in the BitTorrent file-sharing protocol, including intentionally

downloading a torrent file particular to the Video, loading that torrent file into the

BitTorrent client, entering a BitTorrent swarm particular to the Video, and, ultimately,

downloading a whole copy of the file. (*Id.* ¶¶ 22-24.) Hard Drive has therefore pled a

*prima facie* case of copyright infringement and set forth sufficient supporting facts to

survive Defendant's Motion to Dismiss.

### *Civil Conspiracy (Count II)*

In Count II, Hard Drive brings a claim for civil conspiracy against Does 1-55. To

succeed in a claim of civil conspiracy under Illinois law, the plaintiff must establish:

(1) an agreement between two or more persons for the purpose of accomplishing either an

unlawful purpose or a lawful purpose by unlawful means and (2) at least one tortious act

by one of the co-conspirators in furtherance of the agreement that caused an injury to the

plaintiff. *Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 509 (7th Cir. 2007)

(citing *McClure v. Owens Corning Fiberglass Corp.*, 720 N.E.2d 242, 258 (Ill. 1999)).

Hard Drive's conspiracy claim fails because it has not pled the existence of an

agreement among Does 1-55 to commit copyright infringement. *Id.* ("An agreement is a

necessary and important element of this cause of action."); *Mosley v. City of Chicago*,

614 F.3d 391, 399 (7th Cir. 2010) ("To show a civil conspiracy, [plaintiff] must show an

agreement to accomplish either an unlawful purpose or a lawful purpose by unlawful

means."). Therefore, Defendant's Motion to Dismiss is granted with respect to Count II

without prejudice.

*Joinder Under Fed. R. Civ. P. 20(a)(2)*

Defendant next argues that Hard Drive has improperly joined Does 1-55. Under

Federal Rule of Civil Procedure 20(a)(2), defendants "may be joined in one action as

defendants if: (A) any right to relief is asserted against them jointly, severally, or in the

alternative with respect to or arising out of the same transaction, occurrence, or series of

transactions or occurrences; and (B) any question of law or fact common to all defendants

will arise in the action."

At this pleading stage, Hard Drive's allegation that Does 1-55 have infringed

Hard Drive's copyright through BitTorrent – the nature of which necessitates a concerted

action by many people in order to disseminate files – is sufficient to satisfy Rule 20(a).

In other cases involving allegations of copyright infringement through BitTorrent, courts

have held the same. *See, e.g., Donkeyball Movie, LLC v. Does*, No. 10-1520, 2011 WL

1807452 at *4 (D.D.C. May 12, 2011) ("At this stage in the litigation . . . when discovery

is underway to learn identifying facts necessary to permit service on Doe defendants,

joinder, under Federal Rule of Civil Procedure 20(a)(2), of unknown parties identified

only by IP addresses is proper."); *see also First Time Videos, LLC v. Does 1-76*, No. 11 C

3381, 2011 WL 3586245, at *2 (N.D. Ill. Aug. 16, 2011) (*First Time Videos*); *MGCIP v.*

*Does 1-36*, No. 10 C 6677, 2011 WL 2292958, at *1 (N.D. Ill. June 9, 2011) (same)

(*MGCIP*); *MCGIP, LLC v. Does 1-18*, No. C-11-1495 EMC, 2011 WL 2181620, at *1

(N.D. Cal. June 2, 2011) (same).[3]

---

[3] Several courts in the Northern District of California have held otherwise in cases involving BitTorrent, including in Hard Drive's case pending in the Northern District of California. *See Hard Drive Productions*, 2011 WL 3740473, at *14 (holding that joinder of the Doe defendants does not satisfy Rule 20(a)). This Court's holding, however, is

## CONCLUSION

Defendant's Motion to Strike the Complaint or to Dismiss or Sever Him/Her and For Costs and Fees Pursuant to 17 U.S.C. § 505 is denied as to Count I and granted as to Count II without prejudice; Hard Drive is granted leave to file an amended complaint as to Count II within 28 days of the entry of this Memorandum Opinion and Order. Defendant's Motion to Sever and for Costs and Fees is denied.

Date: _10 - 12 - 11_

JOHN W. DARRAH
United States District Court Judge

---

consistent with those of other courts in this district. *See First Time Videos*, 2011 WL 3586245, at *2; *MGCIP*, 2011 WL 2292958, at *1.