**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| HARD DRIVE PRODUCTIONS, INC., ) | |
| ) | CASE NO.: 1:11-cv-02798 |
| Plaintiff, ) | |
| ) | Judge: Hon. John W. Darrah |
| v. ) | |
| ) | Magistrate: Hon. Martin C. Ashman |
| DOES 1 – 55 ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

**PLAINTIFF'S RESPONSE TO MOTION BY JOHN DOE #98.220.82.150 TO PROVIDE INFORMATION OF ALLEGED APPLICATION FOR COPYRIGHT REGISTRATION**

An anonymous individual ("Movant") claiming to be associated with Internet Protocol ("IP") address 98.220.82.150, through counsel Theodore Scudder, filed a motion to compel Plaintiff to provide information regarding the application for copyright registration for Plaintiff's copyrighted work in this matter. (ECF No. 25.)

### I. MOVANT'S COUNSEL IGNORED ENTIRELY LOCAL RULE 37.2 AND SHOULD BE ADMONISHED FOR THE SAME

Movant's counsel ignored entirely Northern District of Illinois Local Rule 37.2, which requires counsel to meet and confer prior to the filing of a discovery motion. In this case, Movant's counsel did not call or confer with Plaintiff's counsel regarding his request. Had Movant bothered to follow Local Rule 37.2, he would have submitted the following statement with his motion: "after consultation in person or by telephone and good faith attempts to resolve differences [he and Plaintiff's counsel were] unable to reach an accord, or counsel's attempts to engage in such consultation were unsuccessful due to no fault of counsel's." The purpose of this rule is "[t]o curtail undue delay and expense." L.R. 37.2. The penalty for failing to follow this

rule is, "refus[al by the Court] to hear any and all motions for discovery and production…" *Id.* If Movant's counsel cannot be bothered to follow this Court's rules, then he is not entitled to the information he seeks. Nevertheless, in order to avoid a further burden on this Court's time, Plaintiff will provide Movant with the copyright application number. To the extent that Movant's counsel is a competent attorney, this copyright application number can be used to retrieve all applicable information about Plaintiff's copyright application in this matter. The application for certificate of registration number associated with the copyright work in this case, "Amateur Allure – Erin," is 1-588044545. Movant's counsel should be admonished by the Court for his brazen disregard of this Court's rules. For the Court's rules to have effect, they must be enforced.

## II. MOVANT'S COUNSEL'S REQUEST FOR SUSPENSION OF LITIGATION IS FRIVOLOUS

Movant further argues that litigation should be suspended until "a registration is received." (ECF No. 25 at 2.) Movant's counsel should know better as this Court previously decided this very issue.

17 U.S.C. § 411(a) states, "[N]o civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." The meaning of the word "registration" as it is used in 17 U.S.C. § 411(a) is not defined in the statute and has been the subject of a split among the circuits. While some circuits hold that the "registration" requirement is satisfied by the filing of an *application* for a certificate of registration, others hold that the "registration" requirement is not satisfied until the Plaintiff has a *certificate of registration* in hand.

The Seventh Circuit follows the "application approach." *See Chicago Bd. of Educ. v. Substance, Inc.*, 354 F.3d 624, 631 (7th Cir. 2003) ("Although a copyright no longer needs to be registered with the Copyright Office to be valid, *an application for registration* must be filed

before the copyright can be sued upon.") (citing 17 U.S.C. § 411(a)) (emphasis added); 2 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 7.16[B][1][a] (2003)); *cf. Brooks Ngwenya v. Indianapolis Public Schools*, 564 F.3d 804, 806 (7th Cir. 2009) (citing *Chicago Bd. of Educ. v. Substance, Inc.*, 354 F.3d 624, 631 (7th Cir. 2003)).

The Seventh Circuit's "application approach" was recently recognized by the Ninth Circuit in support of its decision to adopt the same. *Cosmetic Ideas v. IAC*, 606 F.3d 612, 615-16 (2010) ("[T]he Fifth and Seventh Circuits have adopted the application approach.") (citing *Apple Barrel Prods., Inc. v. Beard*, 730 F.2d 384, 386-87 (5th Cir. 1984); *Chicago Bd. of Educ. v. Substance, Inc.*, 354 F.3d 624, 631 (7th Cir. 2003)). Secondary sources also note the Seventh Circuit's application approach. 18 C.J.S. *Copyrights* § 108 (2011); Raymond J. Dowd, *Copyright Litigation Handbook* § 4:2 (2010). Plaintiff has a valid application for registration in this case, and, therefore, has a valid claim on which to bring this lawsuit.

None of the cases cited by Movant even originate from this Circuit..

[intentionally left blank]

Respectfully submitted,

HARD DRIVE PRODUCTIONS, INC.

**DATED:** October 27, 2011

By: /s/ John Steele
John Steele (Bar No. 6292158)
Steele Hansmeier PLLC
161 N. Clark St., Suite 3200,
Chicago, IL 60601
Tel.: (312) 880-9160
jlsteele@wefightpiracy.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that on October 27, 2011, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system, in compliance with Local Rule 5.2(a).

                                            s/ John Steele
                                            JOHN STEELE