# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2798 | **DATE** | 1/31/12 |
| **CASE TITLE** | Hard Drive Productions, Inc. v. Does 1-55 | | |

**DOCKET ENTRY TEXT**

Defendant John Doe # 98.220.82.150's Motion to Compel [25] is granted in part and denied in part. Hard Drive is ordered to produce its application for copyright registration and, when it receives it, its certificate of registration.

■[ For further details see text below.]                                          Docketing to mail notices.

## STATEMENT

Defendant John Doe # 98.220.82.150 ("Defendant") filed a Motion to Compel Hard Drive Productions, Inc. ("Hard Drive") to Provide Information of Alleged Application for Copyright Registration. Defendant failed to comply with Federal Rule of Civil Procedure 37(a)(1), and Rule 37.2 of the Local Rules for the Northern District of Illinois, which requires a party to make a good faith attempt to resolve any discovery disputes with the opposing party prior to bringing a motion before the court and also submit the following certification: "(1) that after consultation in person or by telephone and good faith attempts to resolve differences they are unable to reach an accord, or (2) counsel's attempts to engage in such consultation were unsuccessful due to no fault of counsel's." In the future, Defendant's failure to follow Rule 37(a)(1) and Local Rule 37.2 will result in the denial of any discovery-related motions.

First, Defendant seeks the production of Plaintiff's Complaint, complaining that he cannot locate the document on ECF. It appears at Docket No. 1. Plaintiff has not filed a Second Amended Complaint - the reference to this document in the Court's October 12, 2011 Memorandum Opinion and order is in error. Because Plaintiff's Complaint is readily available on ECF, Defendant's Motion is denied in this respect.

Second, Defendant seeks production of Hard Drive's application for copyright registration or registration. Plaintiff's argument that Defendant's request for the copyright "registration" misunderstands the law is unavailing. Defendant requests that Hard Drive produce either Plaintiff's *application* for copyright registration or the registration itself. Hard Drive offers no argument - nor can it - as to why its application for copyright registration should not be produced. To date, Hard Drive has alleged that it filed an application with the U.S. Copyright Office. (Compl. ¶ 20.) Federal Rule of Civil Procedure 26(b)(1) provides: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any part of its claim or defense." "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(c)." Fed. R. Civ. P. 26(b)(1). Hard Drive's application for copyright registration is directly relevant

**STATEMENT**

to the first element of its copyright infringement claim. Furthermore, the certificate of registration is relevant to what infringement is actionable. (*See* 10/12/12 Memorandum Opinion and Order at 7.) Accordingly, Defendant's Motion to Compel is granted in this respect. Defendant's request for "suspension of litigation pending provision of information" is denied. Hard Drive is ordered to produce its application for copyright registration and, when it receives it, the certificate of registration.